UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY Q. BETHUNE, individually and
as Trustee of the TONY QUINN BETHUNE
LIVING TRUST, KORMESHAY L.
WILLIAMS, individually and as Co-Trustee
of the TONY QUINN BETHUNE
LIVING TRUST

    Plaintiffs,

v.

STATE OF MICHIGAN, *et al.*,

    Defendants.
_____/

Case No. 2:25-cv-10996
Hon. Brandy R. McMillion

## OPINION AND ORDER OF SUMMARY DISMISSAL FOR FAILURE TO PROSECUTE

On April 8, 2025, Plaintiffs Tony Q. Bethune and Kormeshay L. Williams, individually, and as Co-Trustees of the TONY QUINN BETHUNE LIVING TRUST, filed this civil action in federal court under 42 U.S.C. § 1983 against the State of Michigan, Dana Nessel, the Hon. Austin W. Garrett, and Officer Tatyana Cox, in their individual and official capacities (collectively "Defendants"). *See generally* ECF No. 1. Plaintiffs' Complaint alleges violations of their civil rights by Defendants, in connection with their arrests on March 30, 2025. *Id*. Since filing their case, Plaintiffs have shown little to no interest in pursuing their claims. They have not filed proof of service for any Defendant, and the summonses have now

expired.  *See* Fed. R. Civ. P. 4(m).  On September 12, 2025, the Court issued its Order to Show Cause Why This Case Should Not Be Dismissed for Failure to Prosecute (ECF No. 9), ordering the Plaintiffs to notify the Court on or before October 14, 2025, of their plan to proceed.  The order further warned Plaintiffs that failure to litigate their claim could result in dismissal of the case pursuant to Local Rule 41.2.  ECF No. 9.  Additionally, after the Show Cause Order was returned as undeliverable (ECF Nos. 10, 11), the Court made a second attempt to mail it to the address Plaintiffs provided which was also returned as undeliverable (ECF No.12). To date, Plaintiffs have failed to respond to the Show Cause Order or take any other action that would indicate their intent to litigate their claim.

It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."  *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).  This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).  Further, the Local Rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time."  E.D. Mich. LR 41.2.  However, before dismissing a lawsuit *sua sponte* for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal."  *Wu v. T.W. Wang*, Inc., 420 F.3d 641, 644 (6th Cir. 2005).

The Court utilizes a four-factor test to determine whether a case should be dismissed for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (cleaned up). Here, the factors collectively weigh in favor of dismissal.

The first factor weighs in favor of dismissal. Courts will find that a plaintiff was motivated by willfulness, bad faith, or fault, if the plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu,* 420 F.3d at 643 (citation omitted). In failing to comply with the Court's order to show cause, Plaintiffs have neglected to pursue their case or provide the Court with a valid address to which it can send case-related correspondence. Plaintiff's conduct shows "willfulness and fault in that [they] were at best extremely dilatory in not pursuing [their] claim, which indicates an intention to let [their] case lapse." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (citations and internal quotations omitted).

Regarding the second factor, there is reason to believe that the Plaintiff's conduct prejudiced the defendants. To establish prejudice, courts consider whether the defendants "waste[d] time, money, and effort in pursuit of cooperation which

[the plaintiff's] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). At least one Defendant hired counsel to appear on their behalf and filed an answer to the Plaintiff's Complaint, meaning they have expended at least a moderate amount of resources to support their defense. This factor, therefore, also weighs in favor of dismissal.

The third factor weighs heavily in favor of dismissal as well, given the Court's issuance of its standard Notice Regarding Parties' Responsibility to Notify Court of Address Changes (ECF No. 4) and its Order to Show Cause (ECF No. 9). The Court ordered Plaintiff to notify the Court of their plan to proceed on or before October 14, 2025, warning Plaintiffs that failure to respond would result in dismissal under Local Rule 41.2. *Id.* Plaintiffs took no action in response to the Order. The Court then reissued its Order on October 14, 2025, allowing Plaintiffs additional time to inform the Court of whether they intended to proceed with their case. To date, the Plaintiffs have still not responded.

The fourth factor also clearly weighs in favor of dismissal. The Court has exhausted all available means to contact the Plaintiffs in this case and provide them with an opportunity to be heard regarding the lapse in participation, thereby attempting less drastic measures. Furthermore, they have an independent continuing responsibility to stay informed about matters related to a lawsuit they initiated, and they have neglected this responsibility by failing to provide a valid mailing address,

proof of service on the Defendants, or otherwise attempt to contact the Court to rectify these issues. Under these circumstances, dismissal is the only "appropriate remedy available." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (finding that a plaintiff effectively abandoned their case after failing to respond to an order to show cause). For the reasons mentioned above, the Court finds that there is no utility in imposing or considering lesser sanctions.

* * *

Accordingly, **IT IS HEREBY ORDERED** that the Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute under Rule 41(b), and E.D. Mich LR 41.2.

*This is a final order that closes the case*.

**IT IS SO ORDERED.**

Dated: November 10, 2025　　　　　　　s/Brandy R. McMillion
　　Detroit, Michigan　　　　　　　　　Hon. Brandy R. McMillion
　　　　　　　　　　　　　　　　　　United States District Judge